UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONAL-DANILO SANDOVAL-CAMPOS,

                 Petitioner,

-against-

HOMELAND SECURITY; EX REL. DIRECTOR OF INS; DIRECTOR OF CUSTOMS,

                 Respondents.

1:24-CV-3854 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner Ronal-Danilo Sandoval-Campos, who is currently incarcerated in the Sing Sing Correctional Facility, brings a "Writ of Prohibition under 28 U.S.C. § 1331 invoking 28 U.S.C.A. § 2284(b)(1)."[1] In that submission, Petitioner may be challenging: (1) an order of removal directing his deportation from the United States of America ("order of removal"); and/or (2) the New York State court conviction and/or sentence for which he is currently in custody. For the following reasons, the court lacks jurisdiction to consider any challenge to Petitioner's order of removal. If Petitioner wishes to challenge his state court conviction and/or sentence, however, the Court grants him leave to file an amended petition for a writ of *habeas corpus*, brought under 28 U.S.C. § 2254, within 60 days of the date of this order.

## DISCUSSION

### A.    Challenge to order of removal

      This court cannot consider any challenge Petitioner makes to an order of removal because this court lacks jurisdiction to consider such a challenge. *See* 8 U.S.C. § 1252(g) ("Except as provided in this section and notwithstanding any other provision of law (statutory or

---

[1] Petitioner has paid the filing fee to bring a petition for a writ of *habeas corpus*.

nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien.") The only way for Petitioner to seek judicial review of an order of removal is by filing a petition for review in the United States Court of Appeals for the federal judicial circuit within which the Immigration Court that issued the order of removal is located. *See* § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal. . . . "), (b)(2) ("The petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings."). A petition for review must be filed within 30 days of the date that the order of removal became final. *See* § 1252(b)(1). An order of removal usually becomes final when, following a litigant's administrative appeal of that order to the Board of Immigration Appeals ("BIA"), the BIA issues a decision agreeing with that order or, if the litigant does not seek BIA review, when the time to seek BIA review has expired. *See* 8 U.S.C. § 1101(a)(47)(B). The Court of Appeals may not, however, review an order of removal until after a litigant exhausts all available administrative remedies, *see* § 1252(d)(1), including BIA review.

   Here, Petitioner seems to challenge an order of removal, but he does not state when it was issued, the location of the Immigration Court that issued it, whether he has sought BIA review of that order, or whether and when the BIA issued a decision with regard to a request for review of that order. In any case, to the extent that Petitioner seeks relief from that order, this court lacks jurisdiction to consider any claims for such relief. Any petition for such relief must be filed with the relevant Court of Appeals rather than with this court.

B.  **Challenge to state court conviction**

To the extent that Petitioner challenges his state court conviction and/or sentence upon which he is currently in custody, however, the Court construes Petitioner's submission as seeking *habeas corpus* relief under 28 U.S.C. § 2254. [A] prisoner [may] challenge a "judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), only through a petition for a writ of *habeas corpus*, brought in a federal court under Section 2254. If Petitioner wishes to pursue such relief, he must affirm that he wishes to do so by filing an amended petition for Section 2254 *habeas corpus* relief within 60 days of the date of this order; if he does not want to seek such relief, he may request, within that time period, to withdraw this action. *See Cook v. New York State Div. of Parole*, 321 F.3d 274, 281-82 (2d Cir. 2003) (litigant filing mislabeled submission that the court construes as seeking Section 2254 *habeas corpus* relief must be given notice and an opportunity to withdraw (citing *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998)). In the amended petition, Petitioner must present legal and factual argumentation that identifies the conviction and any appellate proceedings he pursued, information identifying the time period that elapsed after his state court request for review concluded, and the facts and law indicating what legal wrong he claims and what relief he wants. Petitioner will have one opportunity, within the applicable one-year limitations period, to bring a Section 2254 petition seeking a full adjudication of his *habeas corpus* claims. *See* 28 U.S.C. § 2244(b), (d). If Petitioner does not file an amended petition for Section 2254 *habeas corpus* relief or request to withdraw this action, within the time allowed, the Court will dismiss this action without prejudice.

## CONCLUSION

For the reasons discussed above, to the extent that Petitioner challenges an order of removal directing his deportation from the United States of America, the court lacks jurisdiction

to consider any challenge to that order. If Petitioner wishes to challenge the state court conviction and/or sentence upon which he is currently in custody, however, the Court construes his submission as seeking *habeas corpus* relief under 28 U.S.C. § 2254, and grants Petitioner leave to file an amended petition for such relief within 60 days of the date of this order.

If Petitioner does not file an amended petition for Section 2254 *habeas corpus* relief or requests to withdraw this action, within the time allowed, the Court will dismiss this action without prejudice.

An amended petition form for Section 2254 *habeas corpus* relief is attached to this order.

Because Petitioner has not, at this time, made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 7, 2024
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge