UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONAL-DANILO SANDOVAL-CAMPOS,

               Petitioner,

      -against-                           1:24-CV-3854 (LLS)

HOMELAND SECURITY; EX. REL.              ORDER
DIRECTOR OF INS – I.C.E.,

               Respondents.

LOUIS L. STANTON, United States District Judge:

      By order dated October 7, 2024, the court ruled that, to the extent that Petitioner, who appears *pro se*, challenged an order of removal directing his deportation from the United States of America, the court lacked jurisdiction to consider any challenge to that order. (ECF 7.) To the extent that Petitioner wished to challenge his state court conviction and/or sentence upon which he is currently in custody, however, the court, in that order, construed his initial pleading as seeking *habeas corpus* relief under 28 U.S.C. § 2254, and granted Petitioner 60 days' leave to file an amended petition for such relief.[1] (*Id.*) On January 2, 2025, the court received a letter from Petitioner, who is currently incarcerated in the Eastern Correctional Facility. (ECF 8.) In his letter, Petitioner requested an extension of time to comply with the court's October 7, 2024 order. (*Id.*) By order dated January 8, 2025, and entered on January 13, 2025, the court granted Petitioner an additional 30 days to comply with the court's October 7, 2024 order. (ECF 9.)

      On January 22, 2025, the court received from Petitioner a submission labeled as "Re-Argument Under a writ of error" (ECF 12), which may be construed as an attempt to challenge

---

[1] The court, in that same order, granted Petitioner an opportunity to withdraw this action within that same time period, should he not wish to proceed under Section 2254, but with the understanding that, if Petitioner filed an amended petition for Section 2254 *habeas corpus* relief in response to that order, he would be affirming his wish to seek such relief. (ECF 7, at 3-4.)

the court's October 7, 2024 order under Rule 60(b) of the Federal Rules of Civil Procedure. On that same date, January 22, 2025, the court also received from Petitioner a submission in which he seems to seek the appointment of *pro bono* counsel. (ECF 11.) On February 7, 2025, the court received from Petitioner an amended petition for a writ of *habeas corpus* brought under Section 2254. (ECF 13.) The Court understands that Petitioner's amended petition (*id.*) is the operative pleading for this action, and that Petitioner has withdrawn any challenge to the court's October 7, 2024 order.[2] In his amended petition, Petitioner challenges his September 18, 2018 conviction and sentence issued by a New York State trial court in Westchester County. For the reasons set forth below, the Court denies Petitioner's amended petition, but grants Petitioner 30 days' leave to replead his claims for Section 2254 *habeas corpus* relief in a second amended petition.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing Section 2254 Cases, the Court has the authority to review and deny a Section 2254 petition without ordering a responsive pleading from the State "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing Section 2254 Cases, Rule 4; *see Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original); *see Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983).

---

[2] Petitioner has paid the filing fee to bring a *habeas corpus* action.

2

Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (internal quotation marks and citation omitted).

## BACKGROUND

Petitioner alleges the following in his amended petition: Following a jury trial in a New York State trial court in Westchester County, Petitioner was found guilty of the following offenses: (1) one count of burglary in the second degree; (2) one count of burglary in the second degree as a sexually motivated felony; (3) two counts of attempted rape in the first degree; (4) two counts of attempted rape in the third degree; and (5) two counts of sexual abuse in the first degree. (ECF 13, at 1.) On September 18, 2018, the trial court issued the judgment of conviction, sentencing Petitioner to what appears to be an aggregate prison term of 30 years.[3] (*Id.*) Petitioner appealed. On October 13, 2021, however, the New York Supreme Court, Appellate Division, Second Department, affirmed the trial court's judgment.[4] (*Id.* at 2.) Petitioner asserts that he did not seek leave to appeal from the New York Court of Appeals. (*Id.*)

Petitioner states that, on November 15, 2023, he filed with the trial court a post-conviction collateral motion to vacate the judgment of conviction, under Section 440.10 of the New York Criminal Procedure Law. (*Id.* at 3.) On December 13, 2024, the trial court denied that motion. (*Id.* at 3, 15-24.) Petitioner seems to indicate that he thereafter sought leave to appeal the

---

[3] According to a post-judgment state court decision, a copy of which is attached to the amended petition, Petitioner was sentenced to 15 years of imprisonment and 15 years of post-release supervision with respect to his crimes against one individual, which were to run consecutively to another 15-year term of imprisonment and another 15-year term of post-release supervision that the court imposed with respect to his crimes against another individual. (ECF 13, at 19.)

[4] *See People v. Sandoval-Campos*, 198 A.D.3d 821 (2d Dep't 2021).

denial of that motion in the Appellate Division, and that his leave application is pending with that court. (*Id.* at 5.)

Petitioner raises the following grounds for Section 2254 *habeas corpus* relief: (1) ineffective assistance of counsel; (2) "insufficiency of [e]vidence and [e]xcessive sentence"; and (3) a Fourth Amendment violation. (*Id.* at 4-8.)

## DISCUSSION

A.  **Fourth Amendment violation**

To the extent that Petitioner seeks *habeas corpus* relief arising from an alleged Fourth Amendment violation, the Court must deny such relief. Petitioner asserts, as the supporting facts for this ground for relief, that his:

> [l]iberty was infringed upon by the deceptive search and seizure of [him] when the [o]fficers coerce[d] [him] to go to the [p]olice [s]tation, wherein, [he] was searched and subjected to [a] DNA swab prior to [his] arrest without advising [him] of [his] [r]ights, [r]ight to refuse, against self incrimination, or waiver of [his] Constitutional [r]ights guaranteed under the Fourth Amendment. [*sic*]

(ECF 13, at 7.)

The Supreme Court of the United States has made clear that federal *habeas corpus* relief is inapplicable to state prisoners who seek such relief on the ground that a state trial court allowed the introduction of evidence obtained in an allegedly unconstitutional search or seizure in violation of the Fourth Amendment exclusionary rule. *See Stone v. Powell*, 428 U.S. 465, 494 (1976) ("[W]e conclude that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." (footnotes omitted)); *Graham v. Costello*, 299 F.3d 129, 134 (2d Cir. 2002) ("Consequently, once it is established that a petitioner has had an opportunity to litigate his or her Fourth Amendment claim (whether or not he or she took advantage of the state's

4

procedure), the court's denial of the claim is a conclusive determination that the claim will never present a valid basis for federal habeas relief.").

There are two exceptions to this rule: "(a) if the state has provided no corrective procedures at all to redress the alleged fourth amendment violations; or (b) if the state has provided a corrective mechanism, but the [petitioner] was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1997). A petitioner who has been given a full and fair opportunity to litigate his Fourth Amendment claim in state court, but is nevertheless unsuccessful or never took advantage of that opportunity, however, cannot seek *habeas corpus* relief on that ground in federal court. *See Graham*, 299 F.3d at 134.

Petitioner does not suggest that there were no corrective procedures to redress an alleged Fourth Amendment violation. In fact, it is possible that he may have taken advantage of such a procedure when unsuccessfully asserting, on direct appeal in the Appellate Division, that there was legally insufficient evidence to support his conviction. *See Sandoval-Campos*, 198 A.D.3d at 821-22. In addition, he did not raise a Fourth Amendment claim in his post-judgment Section 440.10 motion in the trial court. (ECF 13, at 15-23.) Moreover, he alleges no facts demonstrating that he "was precluded from using [such corrective procedures] because of an unconscionable breakdown in the underlying process." *Capellan*, 975 F. 2d at 70. Thus, to the extent that Petitioner seeks *habeas corpus* relief because of a Fourth Amendment violation, the Court denies that relief.

B.     **Exhaustion of State Court Remedies**

Petitioner has not alleged facts sufficient to show that he has exhausted his available state court remedies with respect to his grounds for *habeas corpus* relief. A state prisoner must exhaust all available state court remedies before filing a petition for a writ of *habeas corpus* under

5

Section 2254. 28 U.S.C. § 2254(b)(1)(A); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982). This exhaustion doctrine means that the state courts must be given the first opportunity to review constitutional errors associated with a petitioner's confinement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). A petitioner may satisfy the exhaustion requirement by fairly presenting his claims through a State's established appellate review process. *Id.* at 845."A petitioner has 'fairly presented' his claim only if he has 'informed the state court of both the factual and legal premises of the claim he asserts in federal court.'" *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir. 1982)).

In order to exhaust available remedies within the courts of the State of New York for the purpose of federal *habeas corpus* review, a petitioner must directly appeal his judgment of conviction to the New York Supreme Court, Appellate Division. *See* N.Y. Crim. Proc. Law. §§ 460.10(1); 460.70. Should that court's decision adversely affect the petitioner, he should then seek leave to appeal from the New York Court of Appeals, the highest court in the State of New York. *See* N.Y. Crim. Proc. Law §§ 460.10(5); 460.20; *Bagley v. LaVallee*, 332 F.2d 890, 892 (2d Cir. 1964). If a petitioner cannot assert grounds for *habeas corpus* relief in his direct appeal, he should raise such grounds in a motion filed in the trial court under Section 440.10 of the New York Criminal Procedure Law and/or in another type of state court post-conviction collateral motion or application. If unsuccessful, the petitioner must then seek leave to appeal from the Appellate Division or, if appropriate, from the New York Court of Appeals. *See Green v. New York*, No. 14-CV-2073 (RJS) (KNF), 2016 WL 7338415, at *5 (S.D.N.Y. Dec. 19, 2016); *Ramos v. Walker*, 88 F. Supp. 2d 233, 234-35 (S.D.N.Y. 2000).

Petitioner seems to indicate that he did not, with respect to his direct appeal, seek leave to appeal from the New York Court of Appeals, and that, with respect to the denial of his post-

6

conviction collateral challenge in his Section 440.10 motion, he may have sought leave to appeal from the Appellate Division and that his leave application is pending. Thus, Petitioner has not exhausted his available state court remedies with respect to his grounds for Section 2254 *habeas corpus* relief. Accordingly, the Court denies Petitioner's amended petition, but grants Petitioner leave to replead his claims for *habeas corpus* relief (not including his Fourth Amendment claim), in a second amended petition in which he alleges facts showing that he has exhausted his available state court remedies with respect to such clams for relief.

**C.     Statute of limitations**

This *habeas corpus* action appears to be time-barred. A prisoner seeking *habeas corpus* relief under Section 2254 must generally file a petition within one year from the latest of the following four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to filing the Section 2254 petition is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court of the United States, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner alleges that, on September 18, 2018, the trial court issued his judgment of conviction. He also alleges that he appealed his conviction to the Appellate Division, which affirmed the judgment of conviction on October 13, 2021. Petitioner further states that he did not seek leave to appeal from the New York Court of Appeals. His conviction therefore became final on or about November 12, 2021, when the 30-day period to seek leave to appeal from the New York Court of Appeals expired. *See* N.Y. Crim. Proc. Law § 460.10(5)(a) (30-day period to seek leave to appeal from the New York Court of Appeals); *Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002); *Padilla v. Keane*, No. 03-CV-0357 (VM), 2003 WL 22462004, at *1 (S.D.N.Y. Oct.

7

29, 2003). Under Section 2244(d)(1)(A), Petitioner had one year from that date, or until on or about November 12, 2022, to file a timely Section 2254 petition. It appears that he did not submit his original submission that commenced this action to his prison's mail system for its mailing to the court, at the earliest, until February 28, 2024, when he signed that submission (ECF 1, at 10-12), or, at the latest, until on or about May 8, 2024, when the envelope that contained that submission was postmarked (*id.* at 13) – more than a year after the applicable limitations period to bring a timely Section 2254 petition expired on November 12, 2022.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), when a petitioner's post-conviction collateral motion or application is filed in a state court before the expiration of the applicable limitations period to bring a Section 2254 petition, that motion or application and its related proceedings may toll that limitations period. *See* 28 U.S.C. § 2244(d)(2). "[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). In other words, Section 2244(d)(2) tolling applies only if a petitioner's post-conviction collateral motion or application is pending within the one-year limitations period.

Petitioner alleges that: (1) he did not file his Section 440.10 motion in the trial court until November 15, 2023 – just over a year after the applicable limitations period to bring a timely Section 2254 petition expired; (2) it was denied on December 13, 2024; and (3) he may have sought leave to appeal the denial of that motion from the Appellate Division and that his leave application is pending. Thus, because Petitioner filed his Section 440.10 motion on November 15, 2023, after the applicable limitations period to bring a timely Section 2254 petition expired, approximately one year earlier, on or about November 12, 2022, the pendency of that motion has

not tolled the applicable limitations period under Section 2244(d)(2). The Court therefore also denies the amended petition as time-barred. The Court, however, grants Petitioner leave to replead his claims in a second amended petition in which he allege facts showing why this *habeas corpus* action is timely or why the applicable limitations period should be equitably tolled.

D.    **Leave to replead in a second amended petition**

While the Court denies Petitioner's amended petition, in light of Petitioner's *pro se* status, the Court grants him 30 days' leave to replead his claims in a second amended petition, as specified above. Petitioner must include in his second amended petition facts showing that he exhausted his available state court remedies with respect to his remaining grounds for Section 2254 *habeas corpus* relief. He must also allege facts showing why this *habeas corpus* action is timely or why the applicable limitations period should be equitably tolled. Petitioner should include in his second amended petition a listing of the following: (1) the dates on which he filed all of his state court post-conviction collateral motions or applications in which he challenged his conviction and/or sentence, including all motions under Section 440 of the New York Criminal Procedure Law, any application for error *coram nobis* relief, and any other state court post-conviction collateral motions and applications; (2) the dates on which the state courts issued decisions as to any of those motions or applications; (3) the dates on which he filed any appeals or applications for leave to appeal from those decisions; (4) the dates on which the state courts issued decisions on those appeals or applications; and (5) the dates on which he received notice of any state court decisions on those applications and appeals.

Petitioner also should allege any facts showing that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from submitting a timely *habeas corpus* action. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that the one-

year limitations period under Section 2244(d) for Section 2254 petitions is subject to equitable tolling in appropriate circumstances).

If Petitioner fails to file a second amended petition within the time allowed, the Court will direct the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order. The effect of that judgment will be that the amended petition will be denied as time-barred and that all pending requests and motions will be denied as moot.

## CONCLUSION

The Court denies Petitioner's amended petition for a writ of *habeas corpus*, brought under 28 U.S.C. § 2254, for the reasons set forth in this order. The Court, however, grants Petitioner 30 days' leave to replead his claims in a second amended petition, as specified above. If Petitioner fails to file a second amended petition within the time allowed, the Court will direct the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order. The effect of that judgment will be that the amended petition will be denied as time-barred and that all pending requests and motions will be denied as moot.

The Court directs the Clerk of Court to terminate ECF 12, as it has been withdrawn.

A second amended petition form is attached to this order.

The Court also directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:  August 21, 2025
        New York, New York

                                            _____Louis L. Stanton_____
                                                  Louis L. Stanton
                                                      U.S.D.J.