UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONAL-DANILO SANDOVAL-CAMPOS,

            Petitioner,

-against-

HOMELAND SECURITY; EX. REL.
DIRECTOR OF INS — I.C.E.,

            Respondents.

1:24-CV-3854 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

      By order dated August 21, 2025, the Court denied Petitioner's amended petition for a writ of *habeas corpus*, brought under 28 U.S.C. § 2254, for the reasons set forth in that order. The Court also granted Petitioner, who appears *pro se*, however, 30 days' leave to replead his claims in a second amended petition. In that order, the Court denied Petitioner Section 2254 *habeas corpus* relief, to the extent that Petitioner sought such relief arising from a Fourth Amendment violation, without leave to replead. (ECF 15, at 4-5.) The Court also denied him Section 2254 *habeas corpus* relief because he had not exhausted his available state court remedies with respect to his grounds for that relief, but granted him leave to replead his claims (not including his Fourth Amendment claim) in a second amended petition in which he was to allege facts showing that he exhausted his available state court remedies. (*Id.* at 5-7.) The Court further denied Petitioner's amended petition as time-barred, but also granted Petitioner leave to replead his claims for Section 2254 *habeas corpus* relief in a second amended petition in which he was to allege facts showing why this *habeas corpus* action is timely or why the applicable limitations period should be equitably tolled. (*Id.* at 7-9.)

On September 26, 2025, the Court received Petitioner's second amended petition seeking Section 2254 *habeas corpus* relief.[1] It does not, however, allege facts sufficient to show that Petitioner has exhausted his available state court remedies. As discussed in the Court's August 21, 2025 order (*id.* at 5-7), the second amended petition alleges that Petitioner's state court application for leave to appeal the denial of his motion filed in the trial court under Section 440.10 of the New York Criminal Procedure Law is still pending in the New York Supreme Court, Appellate Division, Second Department (ECF 18, at 3, 5, 6.). In addition, as also discussed in the Court's August 21, 2025 order (ECF 15, at 7-9), the second amended petition does not allege facts sufficient to show that this *habeas corpus* action is timely or why the applicable limitations period should be equitably tolled. The second amended petition is clear that Petitioner filed his Section 440.10 motion with the trial court on November 15, 2023 (ECF 18, at 3), after the applicable limitations period expired on or about November 12, 2022 (ECF 15, at 7-9).

Accordingly, the Court denies the second amended petition, and dismisses this action, as time-barred. The Court also denies all pending motions and requests in this action as moot.

## CONCLUSION

For the reasons discussed in the Court's August 21, 2025 order and in this order, the Court denies Petitioner's second amended petition for a writ of *habeas corpus*, brought under 28 U.S.C. § 2254, and dismisses this action, as time-barred. The Court also denies all pending motions and requests in this action as moot.

---

[1] The second amended petition was initially mistakenly regarded by the Clerk of Court as an original petition initiating a new civil action. By order dated October 2, 2025, Chief Judge Swain directed the Clerk of Court to file the second amended petition in this action and to close the newly opened action. *Sandoval-Campos v. Homeland Sec.*, ECF 1:25-CV-7993, 3 (S.D.N.Y. Oct. 2, 2025).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons discussed in the Court's August 21, 2025 order and in this order.

SO ORDERED.

Dated:   October 23, 2025
         New York, New York

                                                    _Louis L. Stanton_
                                                     Louis L. Stanton
                                                     U.S.D.J.